[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-12218

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 4, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-20029-CV-CMA

IN RE:

FABIANA DE AMORIM XAVIER,

                                                                                    Plaintiff,


LUIS FELIPE GONTIER,

                                                                                    Interested Party-
                                                                                    Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 4, 2006)**

Before BLACK, BARKETT and COX, Circuit Judges.

PER CURIAM:

This appeal arises from the administration of the Estate in Brazil of

Edmundo de Azevedo Xavier ("Edmundo"), a Brazilian citizen, following his

death.  Edmundo was the grandfather of both the Appellant, Luis Felipe Gontier ("Gontier"), and the Appellee, Fabiana de Amorim Xavier ("Fabiana").  Fabiana was appointed administrator of Edmundo's Estate in Brazil.

After being appointed administrator of the Estate, Fabiana sought discovery in the Southern District of Florida of accounts in the United States pertaining to Edmundo.  She sought discovery from PineBank in Miami and "any other financial institution" into which funds were transferred from any account in which Edmundo was a named account holder.  Based upon Fabiana's Declaration, asserting that some of the Estate's assets may have been "improperly diverted from the Estate," the district court granted the Application.

After Fabiana issued a subpoena duces tecum seeking documents and records pertaining to Edmundo's accounts, Gontier filed a Motion to Vacate the Order granting the Application.  The district court held a hearing on the Motion to Vacate, and following argument of counsel, issued an Order denying Gontier's Motion to Vacate and permitting Fabiana to issue subpoenas to PineBank under certain parameters outlined during the hearing.

Fabiana received the discovery she sought.[1]  Gontier now appeals.

_____

[1]Because the bank has already delivered the subpoenaed documents to Fabiana, we ordered supplemental briefing as to whether the appeal has been mooted.  Fabiana argues that the delivery of the documents rendered the appeal moot and that we therefore lack subject-matter jurisdiction.

The statute under which Fabiana sought discovery is 28 U.S.C. § 1782. Section 1782(a) provides that a federal district court "may order" a person "resid[ing]" or "found" in the district to give testimony or produce documents "for use in a proceeding in a foreign or international tribunal . . . upon the application of any interested person."  The district court's discretionary authority pursuant to 28 U.S.C. § 1782 is reviewed for abuse of discretion.  United Kingdom v. United States, 238 F.3d 1312, 1319 (11th Cir. 2001).

Having reviewed the record, we conclude that the district court had the statutory authority to grant Fabiana's discovery application pursuant to § 1782. The court properly applied the factors articulated by the Supreme Court in Intel Corporation v. Advanced Micro Devices, Inc., 542 U.S. 241 (2004).  We thus

---

"[A] federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."  Church of Scientology of California v. United States, 506 U.S. 9, 12 (1992) (internal quotation marks and citation omitted).  A case is moot if it is impossible for the court to grant "any effectual relief whatever" to a prevailing party, and the appeal must be dismissed.  Id.

Whether this case is moot is squarely addressed by the Supreme Court's decision in Church of Scientology, in which the Court stated that a case is not moot so long as "a court can fashion some form of meaningful relief."  Id.  In Church of Scientology, the Supreme Court held that "[a] person's interest in maintaining the privacy of his 'papers and effects' is of sufficient importance to merit constitutional protection," id. (quoting the Fourth Amendment), and that "a court does have power to effectuate a partial remedy by ordering the Government to destroy or return any and all copies it may have in its possession," id.   The same is true in this case, where we may order the return of all bank records obtained via the subpoena that is the subject of this appeal.  Because Gontier has a Fourth Amendment privacy interest in his bank records which we may restore, should we determine that the subpoena was issued unlawfully, we conclude that this case is not moot and we therefore have subject-matter jurisdiction to hear Gontier's appeal.

3

conclude that the district court did not abuse its discretion in granting Fabiana's Application for discovery.

**AFFIRMED.**